HOUSTON POLICE DEPARTMENT, Appellant,

v.

Parry BERKOWITZ,[1] Appellee.

No. 01–02–00061–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 2002.

Rehearing Overruled Jan. 30, 2003.

---

1. Berkowitz has requested that we style this

opinion using his initials rather than his

name. In light of our disposition of this ap- peal, we deny his request.

Arthur L. Crumpton, Jr., Senior Assistant City Attorney, Houston, TX, for Appellant.

Ron Johnson, Winston E. Cochran Jr., Houston, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE (Assigned).

## OPINION

FRANK C. PRICE,* Justice.

This is an appeal from an order granting expunction of the August 2000 arrest record of appellee, Parry Berkowitz, for the Class A misdemeanor of theft of property with a value of over $500 and under $1500. Appellant, the Houston Police Department ("HPD"), claims the trial court erroneously granted expunction because Berkowitz had received court-ordered community supervision pursuant to charges filed by information in a county court, rather than pursuant to a complaint filed in a municipal or justice court. We reverse and render judgment denying Berkowitz's expunction request.

### Background

In August 2000, Berkowitz, was charged by criminal information with theft of property with a value of over $500.00 and under $1500.00, a Class A misdemeanor under section 30.01(e)(3) of the Texas Penal Code. Berkowitz entered into a plea agreement with prosecutors, pleading nolo con-

tendere in a county criminal court at law to the reduced Class C misdemeanor of theft of an amount of less than $50.00. The court deferred any finding of guilt and, pursuant to section 5 of article 42.12 of the Texas Code of Criminal Procedure, fined Berkowitz $100.00 and placed him under community supervision for four months. In April, 2001, Berkowitz was discharged from community supervision and the proceedings against him were dismissed.

Berkowitz filed a petition for expunction of his arrest records in August, 2001 in the district court of Harris County. Berkowitz claimed he was entitled to expunction of his arrest record under articles 45.051 and 55.01 of the Texas Code of Criminal Procedure. HPD and the Harris County District Attorney's Office both entered general denials. The district court granted the expunction petition in November, 2001.

### Discussion

HPD challenges the expunction order by raising two alternative points of error. First, HPD claims that the trial court erred in granting the expunction under article 55.01 in the absence of any evidence that Berkowitz met the statutory requirements for expunction set out in that provision. Second, HPD claims that the district court erred in granting the petition for expunction because Berkowitz's record could not be expunged under article 45.051. Berkowitz in turn challenges HPD's standing to bring this appeal. Because standing is a determinative issue, we treat this question first.

### HPD's Standing to Appeal Expunction Order

Berkowitz argues that the general denial filed before trial by HPD "necessar-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

ily denied" that HPD had any records pertaining to his arrest in its possession. Berkowitz therefore contends that HPD has no standing to appeal the expunction order. This court has recognized that the expunction statute requires notice to all affected law enforcement agencies, and authorizes each to represent itself and appeal a trial court's decision to grant an expunction. *Texas Dept. of Public Safety v. Woods*, 68 S.W.3d 179, 183 (Tex.App.-Houston [1st Dist.] 2002, no writ) (citing TEX.CODE CRIM. PROC. ANN. art 55.02 § 2(b)(8) (Vernon Supp.2002); TEX.CODE CRIM. PROC. ANN. art 55.02 § 2(c) (Vernon Supp.2002); TEX.CODE CRIM. PROC. ANN. art 55.02 § 2(3)(a) (Vernon Supp.2002); *Texas Dept. of Public Safety v. Katopodis*, 886 S.W.2d 455 (Tex.App–Houston [1st Dist.] 1994, no writ)). We hold that HPD has standing to appeal the expunction order of the trial court.

## Standard of Review

HPD claims the expunction order must be reversed due to the absence of any evidence that Berkowitz qualified for expunction under either article 55.01 or article 45.051. HPD's "no evidence" argument challenges the legal sufficiency of the evidence supporting the order of expunction. *Texas Dept. of Public Safety v. Woods*, 68 S.W.3d 179, 183 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In reviewing the legal sufficiency of the evidence, we may consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the order of expunction, and we must disregard all contrary evidence and inferences. *Id.* (citing *Texas Dept. of Public Safety v. Katopodis*, 886 S.W.2d 455 (Tex.App.-Houston [1st Dist.] 1994, no writ)). When a record discloses a complete absence of a vital fact, however, we must sustain the no evidence point. *Id.*

## Article 55.01 Expunction Requirements

In its first point of error, HPD contends that the trial court erred by granting the petition for expunction because Berkowitz did not meet the requirements of expunction under article 55.01. Article 55.01 of the Texas Code of Criminal Procedure controls the right of "a person who has been arrested for commission of either a felony or misdemeanor" to have "all records and files relating to the arrest expunged." TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp.2002). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. *Katopodis*, 886 S.W.2d at 457.

Article 55.01 requires strict compliance with conditions imposed by the statute; courts have no equitable power to expunge criminal records. *Woods*, 68 S.W.3d at 181–82; *Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *Katopodis*, 886 S.W.2d at 458. To be entitled to expunction when criminal charges are dismissed, the party seeking expunction must show that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe

the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 of this code;* and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)–(C) (Vernon Supp.2002) (emphasis added).

■ HPD contends Berkowitz did not meet his burden to show that he qualified for expunction because the record indicates he was assessed court ordered supervision under article 42.12 upon entry of his nolo contendere plea to the reduced Class C misdemeanor. We agree.[2]

■ Expunction under article 55.01 is available only when all statutory conditions are met. *Katopodis,* 886 S.W.2d at 457. The purpose of article 55.01 is to enable persons who are wrongfully arrested or recorded as arrested to expunge their records. *See id.* It was not enacted to allow a person who is arrested, pleads guilty or nolo contendere to an offense, and receives probation to expunge arrest and court records concerning that offense. *Harris County Dist. Attorney's Office v. D.W.B.,* 860 S.W.2d 719, 721 (Tex.App.-Houston [1st Dist.] 1993, no writ). Berkowitz was placed on court-ordered community supervision pursuant to the court's deferred adjudication of his guilt under section 5 of article 42.12. Courts have repeatedly held that misdemeanor-deferred adjudication constitutes "court-ordered community supervision" under article 42.12 for purposes of the expunction statute, and renders defendants ineligible for expunction of arrest records. *Texas Dept. of Public Safety v. Wallace,* 63 S.W.3d 805, 807 (Tex.App.-Austin, 2001, no pet.); *D.W.B.,* 860 S.W.2d

---

2. On March 20, 2002, the district court entered the following Findings of Fact and Conclusions of Law:

### Findings of Fact

4. Although printed court documents refer to Tex.Code Crim. Proc. art 42.12, section 5, ... the petitioner's community supervision was under Tex.Code Crim. Proc. art 45.051....

### Conclusions of Law

9. ...While Articles 45.001 and 45.002 undoubtedly make Article 45.051 part of the law applicable in municipal and justice courts, they do not limit the applicability of Article 45.051 to such courts.... Procedurally the deferred adjudication applied [in this case] more closes fits Article 45.051 than it fits Tex.Code Crim. Proc. art. 42.12, section 5, as it was for a duration of less than 180 days and only involved punishment by fine.

10. The petitioner was granted community supervision under Article 45.051.

11. ...[P]etitioner was entitled to the order of expunction entered by this Court.

The instrument of the county criminal court at law in which the conditions of Berkowitz's community supervision were set forth pursuant to section 5 of article 42.12 is a clear and unambiguous judgment. "The same rules of interpretation apply to ascertain the meaning of judgments as to ascertain the meaning of other written instruments." *In re A.L.H.C.,* 49 S.W.3d 911, 918 (Tex.App.-Dallas, 2001, pet.denied) (citing *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971)); *see also Harper v. Welchem, Inc.,* 799 S.W.2d 492, 495 (Tex.App.-Houston [14th Dist.] 1990, no writ) ("If a judgment is unambiguous with no room for interpretation, it is our duty to declare its effect in light of the literal language used."). The county criminal court presided over the entry of Berkowitz's nolo contendere plea, which was made in exchange for the reduction of his offense from a Class A to a Class C misdemeanor. The judgment entered by the county criminal court at law unambiguously stated that community supervision was assessed under section 5 of article 42.12. Therefore, we hold the trial court erred in entering findings and conclusions to the contrary.

**462**

at 721; *Ex Parte P.D.H.,* 823 S.W.2d 791, 792–93 (Tex.App.-Houston [14th Dist.] 1992, no writ); *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist] 1991, no writ). Accordingly, we sustain HPD's first point of error.

### Article 45.051 Expunction Requirements

In its second point of error, HPD further contends that Berkowitz could not meet the requirements of expunction under article 45.051 because his community supervision was ordered by a county criminal court at law, not a municipal or justice court, and pursuant to an information, not a complaint. HPD correctly points out that the language of article 45.001 limits application of article 45.051 to cases presented before a justice court or municipal court by complaint. TEX.CODE CRIM. PROC. ANN. art. 45.001 (Vernon Supp.2002) ("The purpose of this chapter is to establish procedures for processing cases that come within the criminal jurisdiction of the justice courts."); *see also* Op. Tex. Att'y Gen. No. JC–0320 (2000) ("A person who is sentenced to pay a fine and to deferred adjudication probation in a county criminal court is not entitled to an expunction of his arrest record under article 55.01 . . . ."). Because Berkowitz pled nolo contendere to a Class C misdemeanor in a county criminal court at law, he is ineligible for expunction of his arrest records under article 45.051. Accordingly, we sustain HPD's second point of error.

As a matter of law, Berkowitz was not entitled to expunction under either article 55.01 or 45.051. The judgment of the trial court is reversed and judgment rendered that Berkowitz's petition for expunction be denied.