**COLLIN COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE, Appellant**

v.

**Amanda K. DOBSON, Appellee.**

**No. 05–04–01314–CV.**

Court of Appeals of Texas, Dallas.

July 6, 2005.

John R. Roach, Collin County District Attorney, John A. Stride, Assistant District Attorney, McKinney, for appellant.

Anthony Devries Randall, Dallas, for appellee.

Before Justices WRIGHT, BRIDGES, and FITZGERALD.

**OPINION**

Opinion by Justice BRIDGES.

The Collin County Criminal District Attorney's office (D.A.) appeals the trial court's order granting Amanda K. Dobson's petition for expunction of criminal records related to her arrest for misdemeanor assault. In two issues, the D.A. argues the evidence is legally and factually insufficient to support the expunction because Dobson did not offer any proof that

the limitations period had expired or that the charges against her were the result of mistake, false information, or other similar reason indicating absence of probable cause. We reverse the trial court's judgment granting expunction and render judgment denying Dobson's petition for expunction.

On August 10, 2003, Dobson was arrested by Frisco police on a charge of misdemeanor assault. On September 25, 2003, the charge was "refused" by the D.A. because it was "[u]nable to prove case beyond a reasonable doubt as to who was the initial aggressor." The refusal also contained the following language:

> The charge listed below in regard to the defendant named will *not* be prosecuted by this office. If in custody, the defendant should be *RELEASED OF THE CHARGE LISTED.* If a warrant is outstanding, please return unexecuted to the issuing magistrate. If the defendant has been released on a cash bond *ON THIS CHARGE*, it may be released to the surety.

On June 14, 2004, Dobson filed her petition for expunction of the records relating to her arrest. After a hearing, the trial court found that Dobson was arrested for assault, but an information charging her with the offense was never presented, and the case was "refused and/or dismissed" by the D.A. The court further found that Dobson had been released and there were no charges pending, there was no court-ordered supervision, and she had not been convicted of a felony during the five years preceding the issuance of citation. The court ordered that all records concerning Dobson's arrest be expunged, and the D.A. brought this appeal.

■ In its first issue, the D.A. argues the evidence is legally insufficient to show the limitations period on the charges had expired or that the charges were the result of mistake, false information, or other similar reason indicating an absence of probable cause. In reviewing the legal sufficiency of the evidence or a "no evidence" point, we may consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the order of expunction, and we must disregard all contrary evidence and inferences. *Houston Police Dept. v. Berkowitz*, 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). When a record discloses a complete absence of a vital fact, however, we must sustain the no evidence point. *Id.*

■ Article 55.01 of the Texas Code of Criminal Procedure controls the right of a person who has been placed under arrest for either a felony or misdemeanor to have all records and files relating to the arrest expunged. TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp. Pamph.2004–05). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. *Berkowitz*, 95 S.W.3d at 460; *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ). Article 55.01 requires strict compliance with conditions imposed by the statute; courts have no equitable power to expunge criminal records. *Berkowitz*, 95 S.W.3d at 460; *Tex. Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 183 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

Article 55.01, in pertinent part, requires that, to be entitled to expunction of records and files relating to an arrest, a person must show:

> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person

was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)-(C) (Vernon Supp. Pamph. 2004–05).

Here, the record shows the date of the arrest was August 10, 2003, and Dobson filed her petition for expunction was filed June 14, 2004. Thus, the record shows Dobson's petition was filed before the applicable two-year period of limitations had run. *See* TEX.CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2005). Because there was no presentment of an indictment or information in this case, subsection (ii) is not applicable. *State v. Bhat,* 127 S.W.3d 435, 436 (Tex.App.-Dallas 2004, no pet.). Accordingly, we conclude the evidence is legally insufficient to show strict compliance with article 55.01 or support the trial court's expunction order under either subsection (i) or (ii). *See Bhat,* 127 S.W.3d at

436; *Berkowitz,* 95 S.W.3d at 460. We sustain the D.A.'s first issue. Because of our disposition of the D.A.'s first issue we need not address the D.A.'s second issue.

We reverse the trial court's judgment granting expunction and render judgment denying Dobson's petition for expunction.