Dallas County District Attorney's Office v. David Hoogerwerf

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-034-CV

DALLAS COUNTY DISTRICT APPELLANT

ATTORNEY’S OFFICE 

V.

DAVID HOOGERWERF APPELLEE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from an expunction order and an order enjoining Appellant Dallas County District Attorney’s Office from presenting evidence in a case to the grand jury for indictment pending this appeal.  We hold that Appellee David Hoogerwerf’s evidence supporting his petition for expunction is insufficient as a matter of law and that the order of injunction is now moot.  Therefore, we reverse the trial court’s expunction order and render judgment for Appellant.

In June 2001, Appellee was arrested in Denton County by the Irving Police Department for sexual assault committed in Dallas County on September 30, 2000.  Irving is in Dallas County.  In October 2003, Appellee filed a petition in Denton County for the expunction of records relating to this arrest, and a hearing was set for November 14, 2003.  The court notified Appellant of the hearing date, but Appellant did not file a written answer.  The Irving Police Department advised the Denton County prosecutor that the case was still under investigation.  The Denton County prosecutor appeared at court on November 14, 2003, but no hearing occurred.

On September 7, 2004, Appellee filed a petition in Dallas County to expunge the same records.  Appellant notified Appellee that because the arresting agency was preparing to submit the case to the grand jury, Appellant would oppose expunction of the records.  Appellant filed a general denial to the petition.

Appellee’s attorneys filed a motion to withdraw as counsel in the Denton County case, and the motion was heard on November 8, 2004.  At this hearing, the Denton County prosecutor advised the court that Denton County did not have prior notice of the hearing and that Appellant had told him that it planned on securing an indictment.  Appellee’s new attorney asked to put on Appellee’s testimony because Appellee was possibly going to be transferred due to his job. Appellee’s attorney asked the court to “hold it out for a ruling for two weeks to see if [Appellant] would, in fact, go ahead and file it or not.  In other words, give them one last chance to basically put up or shut up. . . .”  The court asked the Denton County prosecutor if he would oppose this, and the Denton County prosecutor said that he would not.  Appellee’s attorney presented evidence in support of the petition for expunction.  Appellee testified that he had been notified several times that this case would be looked at by Appellant, but that Appellant had never done so.  Upon request by the Denton County prosecutor, the court reset the case for a final ruling two weeks later to allow Appellant to indict Appellee or not, and on November 22, without a hearing on the record, the court granted Appellee’s petition for expunction.

On December 8, 2004, after receiving notice of the trial court’s order granting the expunction, Appellant filed a motion for new trial.  At the hearing on January 10, 2005, Appellant asserted that the case was an active investigation in Dallas County and had recently been received by a Dallas County grand jury on December 10, 2004.  Appellant asserted that it had opposed the expunction petition that had been filed in Dallas County.  Appellant claimed that it never received notice of the November hearings in Denton County.  Appellant also argued that, as a matter of law, because the ten-year statute of limitations had not run, Appellee was not entitled to expunction.  Appellee argued that the Denton County prosecutor had left two voicemail messages for Appellant, but Appellant denied receiving such messages. Appellant stated that had it received notice of the November hearings, it would have appeared and opposed the expunction.  The court denied Appellant’s motion for new trial, granted Appellant’s request to protect the investigation file, and enjoined Appellant from presenting the case to the grand jury until the appeal from the trial court’s order granting expunction was resolved.

On appeal, Appellant argues that 1) the evidence is legally insufficient to support the trial court’s order granting expunction of criminal arrest records because Appellee failed to offer any proof that the statute of limitations had run, that the case was no longer pending, or that he had not been convicted of a felony in the five years preceding the arrest; 2) the trial court erred in granting an order of expunction without providing notice of the November 8 or November 22, 2004, hearings to respondents named in the petition, including Appellant, and 3) the trial court abused its discretion by issuing an order in a civil expunction proceeding enjoining a criminal grand jury from receiving evidence in a criminal case.

In its first issue, Appellant argues that the evidence is legally insufficient to support the trial court’s order granting expunction of criminal arrest records because Appellee failed to offer any proof that the statutory requirements of Article 55.01 of the Texas Code of Criminal Procedure were met.
(footnote: 2)  We agree.

Article 55.01 of the Texas Code of Criminal Procedure governs the right of a person who has been placed under arrest for either a felony or misdemeanor to have all records and files relating to the arrest expunged.
(footnote: 3)  An expunction is a civil matter that is only available when all statutory conditions have been met, and the burden of proving strict compliance with statutory conditions rests solely with petitioner.
(footnote: 4)  In pertinent part, Article 55.01 requires that to be entitled to expunction of records and files relating to an arrest, a person must show that each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) 
the limitations period expired before the date on which a petition for expunction was filed under Article 55.02
; or
(ii) [not applicable here];

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending . . . .; 
and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.
(footnote: 5)

Because the requirements are conjunctive, if the petitioning party does not satisfy sections (A), (B), and (C), the evidence is legally insufficient to show strict compliance with Article 55.01.
(footnote: 6)
 Here, the record shows that the date of the alleged offense was September 30, 2000, and that Appellee filed his petition for expunction in Denton County on October 9, 2003.  The statute of limitations for the offense of sexual assault where the identity of the assailant is readily ascertained is ten years from the commission of the offense.
(footnote: 7)  Thus, the record clearly indicates that Appellee’s petition for expunction was filed before the applicable ten-year period of limitations had run, indicating that he has not satisfied subsection (i).
(footnote: 8)
 Generally, when a defendant fails to file an answer to a petition, it admits all material facts properly alleged in its opponent’s petition.
(footnote: 9)  Appellant did not file an answer to the expunction petition filed in Denton County.  However, even if we were to take all the facts alleged in Appellee’s petition for expunction as true, the evidence remains legally insufficient.  It is clear from the face of the petition for expunction and from the record that Article 55.01(A)'s requirement that the statute of limitations expire before the petition is filed was not satisfied.  Accordingly, we conclude that the evidence is legally insufficient as a matter of law to show strict compliance with Article 55.01(A).  We sustain Appellant’s first issue.  Because of our disposition of Appellant’s first issue we need not address Appellant’s second issue.
(footnote: 10)
 In its third issue, Appellant argues that the trial court abused its discretion by issuing an order in a civil expunction proceeding enjoining a criminal grand jury from receiving evidence in a criminal case.  This order enjoined Appellant from presenting any records or files generated prior to the date of the order until the resolution of this appeal.  Appellant has not requested temporary relief from the order.  The order enjoining Appellant from presenting evidence to the grand jury will dissolve upon disposition of this appeal.  For this reason, the controversy is moot.
(footnote: 11)  We overrule Appellant’s issue.

Because we have sustained Appellant’s legal sufficiency issue regarding the expunction order, we reverse the trial court’s judgment and render judgment denying Appellee’s petition for expunction.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  December 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann
. art. 55.01(a) (Vernon Supp. 2005).

3:
Id. 
art. 55.01.

4:
Tex. Dep't of Pub. Safety v. Woods
, 68 S.W.3d 179, 183 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.);
 State v. Herron
,
 
53 S.W.3d 843, 846 (Tex. App.—Fort Worth 2001, no pet.).

5:
Tex. Code Crim. Proc. Ann
. 
art. 55.01(a)(2)(A)-(C) (emphasis added).

6:
See Collin County Criminal Dist. Attorney's Office v. Dobson
,
 
167 S.W.3d 625, 626-27 (Tex. App.—Dallas 2005, no pet.); 
State v. Bhat
, 127 S.W.3d 435, 436 (Tex. App.—Dallas 2004, no pet.)
;
 
Houston Police Dep’t v. Berkowitz
, 95 S.W.3d 457, 460-61 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. denied).

7:
Tex. Code Crim. Proc. Ann
. art. 12.01(1), (2) (Vernon Supp. 2005).

8:
See id.

9:
Holt Atherton Indus.
,
 Inc. v. Heine
, 835 S.W.2d 80, 83 (Tex. 1992); 
Texaco
,
 Inc. v. Phan
, 137 S.W.3d 763, 769 (Tex. App.—Houston [1
st
 Dist. 2004, no pet.).

10:
See
 
Tex. R. App. P.
 47.1.

11:
See Bd. of Adjustment of City of San Antonio v. Wende
, 92 S.W.3d 424, 427 (Tex. 2002);
 Williams v. Lara
, 52 S.W.3d 171, 184 (Tex. 2001)
; Nat’l Collegiate Athletic Ass’n. v. Jones
, 1 S.W.3d 83, 86 (Tex. 1999); 
The State Bar of Tex. v. Gomez
, 891 S.W.2d 243, 245-46 (Tex. 1994);
 
Roadrunner Invs. v. Texas Util. Fuel Co.
, 526 S.W.2d 615, 617 (Tex. Civ. App.—Fort Worth 1975, no writ).