COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-034-CV

 

 

DALLAS COUNTY DISTRICT                                                  APPELLANT

ATTORNEY=S OFFICE                                                                           

 

                                                   V.

 

DAVID HOOGERWERF                                                             APPELLEE

 

                                              ------------

 

              FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from an expunction order and an
order enjoining Appellant Dallas County District Attorney=s Office
from presenting evidence in a case to the grand jury for indictment pending
this appeal.  We hold that Appellee David
Hoogerwerf=s evidence supporting his
petition for expunction is insufficient as a matter of law and that the order
of injunction is now moot.  Therefore, we
reverse the trial court=s expunction order and render
judgment for Appellant.

In June 2001, Appellee was arrested in Denton
County by the Irving Police Department for sexual assault committed in Dallas
County on September 30, 2000.  Irving is
in Dallas County.  In October 2003,
Appellee filed a petition in Denton County for the expunction of records
relating to this arrest, and a hearing was set for November 14, 2003.  The court notified Appellant of the hearing
date, but Appellant did not file a written answer.  The Irving Police Department advised the
Denton County prosecutor that the case was still under investigation.  The Denton County prosecutor appeared at
court on November 14, 2003, but no hearing occurred.

On September 7, 2004, Appellee filed a petition
in Dallas County to expunge the same records. 
Appellant notified Appellee that because the arresting agency was
preparing to submit the case to the grand jury, Appellant would oppose
expunction of the records.  Appellant
filed a general denial to the petition.








Appellee=s
attorneys filed a motion to withdraw as counsel in the Denton County case, and
the motion was heard on November 8, 2004. 
At this hearing, the Denton County prosecutor advised the court that
Denton County did not have prior notice of the hearing and that Appellant had
told him that it planned on securing an indictment.  Appellee=s new
attorney asked to put on Appellee=s
testimony because Appellee was possibly going to be transferred due to his job.
Appellee=s
attorney asked the court to Ahold it
out for a ruling for two weeks to see if [Appellant] would, in fact, go ahead
and file it or not.  In other words, give
them one last chance to basically put up or shut up. . . .@  The court asked the Denton County prosecutor
if he would oppose this, and the Denton County prosecutor said that he would
not.  Appellee=s
attorney presented evidence in support of the petition for expunction.  Appellee testified that he had been notified
several times that this case would be looked at by Appellant, but that
Appellant had never done so.  Upon
request by the Denton County prosecutor, the court reset the case for a final
ruling two weeks later to allow Appellant to indict Appellee or not, and on
November 22, without a hearing on the record, the court granted Appellee=s
petition for expunction.








On December 8, 2004, after receiving notice of
the trial court=s order granting the expunction,
Appellant filed a motion for new trial. 
At the hearing on January 10, 2005, Appellant asserted that the case was
an active investigation in Dallas County and had recently been received by a
Dallas County grand jury on December 10, 2004. 
Appellant asserted that it had opposed the expunction petition that had
been filed in Dallas County.  Appellant
claimed that it never received notice of the November hearings in Denton
County.  Appellant also argued that, as a
matter of law, because the ten-year statute of limitations had not run,
Appellee was not entitled to expunction. 
Appellee argued that the Denton County prosecutor had left two voicemail
messages for Appellant, but Appellant denied receiving such messages. Appellant
stated that had it received notice of the November hearings, it would have
appeared and opposed the expunction.  The
court denied Appellant=s motion for new trial, granted
Appellant=s request to protect the
investigation file, and enjoined Appellant from presenting the case to the
grand jury until the appeal from the trial court=s order
granting expunction was resolved.

On appeal, Appellant argues that 1) the evidence
is legally insufficient to support the trial court=s order
granting expunction of criminal arrest records because Appellee failed to offer
any proof that the statute of limitations had run, that the case was no longer
pending, or that he had not been convicted of a felony in the five years
preceding the arrest; 2) the trial court erred in granting an order of
expunction without providing notice of the November 8 or November 22, 2004,
hearings to respondents named in the petition, including Appellant, and 3) the
trial court abused its discretion by issuing an order in a civil expunction
proceeding enjoining a criminal grand jury from receiving evidence in a
criminal case.








In its first issue, Appellant argues that the
evidence is legally insufficient to support the trial court=s order
granting expunction of criminal arrest records because Appellee failed to offer
any proof that the statutory requirements of Article 55.01 of the Texas Code of
Criminal Procedure were met.[2]  We agree.

Article 55.01 of the Texas Code of Criminal
Procedure governs the right of a person who has been placed under arrest for
either a felony or misdemeanor to have all records and files relating to the
arrest expunged.[3]  An expunction is a civil matter that is only
available when all statutory conditions have been met, and the burden of
proving strict compliance with statutory conditions rests solely with
petitioner.[4]  In pertinent part, Article 55.01 requires
that to be entitled to expunction of records and files relating to an arrest, a
person must show that each of the following conditions exist:

(A) an indictment or
information charging the person with commission of a felony has not been
presented against the person for an offense arising out of the transaction for
which the person was arrested or, if an indictment or information charging the
person with commission of a felony was presented, the indictment or information
has been dismissed or quashed, and:








(i) the limitations
period expired before the date on which a petition for expunction was filed
under Article 55.02; or(ii) [not applicable here];

 

(B) the person has been
released and the charge, if any, has not resulted in a final conviction and is
no longer pending . . . .; and

 

(C) the person has not
been convicted of a felony in the five years preceding the date of the arrest.[5]

 

Because the requirements are conjunctive, if the
petitioning party does not satisfy sections (A), (B), and (C), the evidence is
legally insufficient to show strict compliance with Article 55.01.[6]








Here, the record shows that the date of the
alleged offense was September 30, 2000, and that Appellee filed his petition
for expunction in Denton County on October 9, 2003.  The statute of limitations for the offense of
sexual assault where the identity of the assailant is readily ascertained is
ten years from the commission of the offense.[7]  Thus, the record clearly indicates that
Appellee=s
petition for expunction was filed before the applicable ten-year period of
limitations had run, indicating that he has not satisfied subsection (i).[8]

Generally, when a defendant fails to file an
answer to a petition, it admits all material facts properly alleged in its
opponent=s
petition.[9]  Appellant did not file an answer to the
expunction petition filed in Denton County. 
However, even if we were to take all the facts alleged in Appellee=s
petition for expunction as true, the evidence remains legally
insufficient.  It is clear from the face
of the petition for expunction and from the record that Article 55.01(A)'s
requirement that the statute of limitations expire before the petition is filed
was not satisfied.  Accordingly, we conclude
that the evidence is legally insufficient as a matter of law to show strict
compliance with Article 55.01(A).  We
sustain Appellant=s first issue.  Because of our disposition of Appellant=s first
issue we need not address Appellant=s second
issue.[10]








In its third issue, Appellant argues that the
trial court abused its discretion by issuing an order in a civil expunction
proceeding enjoining a criminal grand jury from receiving evidence in a
criminal case.  This order enjoined
Appellant from presenting any records or files generated prior to the date of
the order until the resolution of this appeal.  Appellant has not requested temporary relief
from the order.  The order enjoining
Appellant from presenting evidence to the grand jury will dissolve upon
disposition of this appeal.  For this
reason, the controversy is moot.[11]  We overrule Appellant=s issue.

Because we have sustained Appellant=s legal
sufficiency issue regarding the expunction order, we reverse the trial court=s judgment
and render judgment denying Appellee=s
petition for expunction.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL A:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  December 15, 2005











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp. 2005).





[3]Id. art.
55.01.





[4]Tex. Dep't of Pub. Safety v. Woods, 68 S.W.3d 179, 183 (Tex. App.CHouston
[1st Dist.] 2002, no pet.); State v. Herron, 53 S.W.3d
843, 846 (Tex. App.CFort Worth 2001, no pet.).





[5]Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(A)-(C) (emphasis added).





[6]See Collin County Criminal Dist. Attorney's Office v.
Dobson, 167 S.W.3d 625, 626-27
(Tex. App.CDallas 2005, no pet.); State v. Bhat, 127
S.W.3d 435, 436 (Tex. App.CDallas 2004, no pet.); Houston Police Dep=t
v. Berkowitz, 95 S.W.3d 457, 460-61
(Tex. App.CHouston [1st Dist.] 2002, pet. denied).





[7]Tex. Code Crim. Proc. Ann. art. 12.01(1), (2) (Vernon Supp. 2005).





[8]See id.





[9]Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Texaco,
Inc. v. Phan, 137 S.W.3d 763, 769 (Tex. App.CHouston [1st Dist. 2004, no pet.).





[10]See Tex. R. App. P. 47.1.





[11]See Bd. of Adjustment of City of San Antonio v. Wende, 92 S.W.3d 424, 427 (Tex. 2002); Williams v. Lara,
52 S.W.3d 171, 184 (Tex. 2001); Nat=l Collegiate Athletic Ass=n.
v. Jones, 1 S.W.3d 83, 86 (Tex.
1999); The State Bar of Tex. v. Gomez, 891 S.W.2d 243, 245-46 (Tex.
1994); Roadrunner Invs. v. Texas Util. Fuel Co., 526 S.W.2d 615, 617
(Tex. Civ. App.CFort Worth 1975, no writ).