In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00364-CV**
_____

**WILLIAM WALTER JOBE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV 13681**

**MEMORANDUM OPINION**

Appellant William Walter Jobe challenges the trial court's order denying his *pro se* request for expunction of a 1988 arrest for driving while intoxicated. We affirm the trial court's order denying Jobe's request for expunction.

In his petition for expunction, Jobe asserted that on February 27, 1991, the trial court acquitted him of a 1988 charge of driving while intoxicated. Jobe's appellate brief seems to indicate that he pleaded guilty to the DWI charge, and the trial court accepted his plea and placed him on probation for one year. According

1

to Jobe, on February 27, 1991, the judge issued an order administratively discharging him. Jobe asserts that the 1991 administrative discharge order operated as an acquittal. Jobe did not attach any exhibits to his petition for expunction.[1]

The Texas Code of Criminal Procedure provides that a person who has been arrested for a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person is tried for the offense and is either acquitted by the trial court or convicted and subsequently pardoned or otherwise granted relief on the basis of actual innocence. Tex. Code Crim. Proc. Ann. art. 55.01(a)(1) (West Supp. 2013). A statutory expunction is a civil proceeding, and the petitioner bears the burden of proving that he has complied with the statutory requirements. *Collin Cnty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). We review the trial court's ruling on a petition for expunction under an abuse of discretion

---

[1]The State attached several documents pertaining to the 1988 charge to its appellate brief. However, because these documents do not appear in the appellate record, we may not consider them. *See* Tex. R. App. P. 34.1; *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("We cannot consider documents attached to an appellate brief that do not appear in the record.").

standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

A trial court may rule upon an applicant's right to expunction without holding a hearing if all of the facts necessary to determine the issue are before the court. *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ). Allegations in a petition seeking expunction are not evidence. *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.). Jobe failed to provide any evidence to the trial court concerning his argument that the 1991 administrative discharge order operated as an acquittal, and Jobe's discussion in his brief to this Court indicates that he pleaded guilty to the 1988 DWI offense and received probation. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2013) (An applicant is entitled to expunction if he has been released and the charge did not result in a final conviction and no community supervision was ordered.).

The trial court did not abuse its discretion by denying Jobe's petition for expunction without conducting a hearing. We overrule Jobe's issues and affirm the trial court's order denying Jobe's petition for expunction.

3

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 14, 2014
Opinion Delivered April 24, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.