**Affirm and Opinion Filed May 30, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01173-CV

### CHRISTOPHER BOTHWELL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 85388-86**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellant filed a petition for expunction of records pertaining to his indictment for indecency with a child by sexual conduct, and the trial court denied the petition. In a single issue on appeal, appellant asserts the trial court erred in denying his petition because the evidence is sufficient to establish he is entitled to expunction. We affirm.

## BACKGROUND

In 2008, appellant was arrested and subsequently indicted for indecency with a child by sexual contact. The complainant is appellant's daughter, Kirstie Bothwell. When prosecutor Brandi Fernandez first met with Bothwell, Bothwell wanted to go forward with the prosecution. She provided a written statement in which she described appellant kissing her inappropriately and lying on top of her. She also said that "he would come into my room . . . and start kissing me

and touching me on my vagina and breast area. This happened several time[s] over a period of time." The statement also described another instance of inappropriate sexual contact.

But Bothwell changed her mind about prosecuting the case, and sent Fernandez an affidavit of non-prosecution. Over the course of several years, Bothwell recanted and then reasserted her story several times, Fernandez believed Bothwell was emotionally unstable. As a result, based on her understanding that there is no statute of limitations on the charged offense, and out of concern for Bothwell's mental health, the case was dismissed.

Bothwell testified at the hearing on the petition for expunction. Her initial handwritten statement was admitted into evidence, and Bothwell confirmed that she wrote it. Bothwell stated that she was married and mature now, and wanted to tell the truth. She claimed that her mother had coerced her into making the initial complaint about her father, and explained how her mother had rehearsed her testimony with her. According to Bothwell, she made the false accusations against her father because her mother had promised her that she would start being a "real mother." On cross-examination, Bothwell admitted that she could not recall how many times she had recanted and then reasserted her story after her initial outcry.

Fernandez also testified. She explained that when she received the affidavit of non-prosecution from Bothwell and spoke with her on the phone, Bothwell told her that she was caught in between her mother's drama and her father's drama. Fernandez stated her understanding that the motivation for the affidavit of non-prosecution being signed was money or gifts from appellant. At that time, Fernandez told Bothwell she would dismiss the case without prejudice and then refile when Bothwell felt ready to move forward. But Fernandez cautioned Bothwell that a jury might not believe her because of the affidavit of non-prosecution she had signed.

–2–

Fernandez stated that she believed Bothwell was being truthful when she made her initial outcry. She did not dismiss the case because of a lack of probable cause, but because she was concerned about Bothwell's emotional state. She further testified that she does not believe the original indictment was presented by the grand jury due to fraud or mistake.

At the conclusion of the hearing, the trial court denied appellant's petition. The trial court made findings of fact and conclusion of law. These findings included a finding that although the victim would not be a credible witness, this fails to prove that the case was dismissed because the indictment was based on fraud, mistake, or other circumstances that would indicate a lack of probable cause. Consequently, the trial court concluded that appellant failed to satisfy his burden to prove his entitlement to expunction.

## ANALYSIS

In a single issue, appellant argues the trial court erred in denying his petition for expunction. Specifically, he asserts the evidence was sufficient to establish that the indictment was dismissed because of mistake, false information, or similar reason indicating an absence of probable cause.

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from the State's records. *See Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Article 55.01 of the Texas Code of Criminal Procedure governs a petitioner's right to an expunction, which is purely a matter of statutory privilege. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2013). A statutory expunction is a civil proceeding, and the petitioner bears the burden of proving that he has complied with the statutory requirements. *Collin Cnty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

We review the trial court's ruling on a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Section 55.01 of the code of criminal procedure provides in pertinent part that a person arrested for commission of a felony is entitled to have the records and files of the arrest expunged if the indictment or information has been dismissed or quashed, and

> the court finds that the indictment was dismissed or quashed . . . because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp. 2012). Appellant contends these elements were met.

But the trial court did not find Bothwell to be a credible witness. The judge found that "although [Bothwell] testified that she has repeatedly recanted her accusations, she also agreed that she wrote the statement . . . in which she accused the petitioner of the offenses in question." The court also found that Bothwell could not recall how many times she had recanted and re-asserted the allegations against appellant. Conversely, the trial judge found that Fernandez is credible and her testimony "worthy of belief," and Fernandez did not dismiss the indictment because there was insufficient probable cause to believe an offense had been committed. As the trier of fact in this proceeding, it was the trial court's responsibility to weigh the evidence and choose between competing  testimony. *See Garret v. State,* 619 S.W.2d 172, 174 (Tex. Crim.

–5–

App. 1981). We defer to these determinations of credibility. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

On this record, we cannot conclude the trial court's decision was an abuse of discretion. The trial court's order is affirmed.


Do Not Publish
TEX. R. APP. P. 47
121173F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER BOTHWELL, Appellant

No. 05-12-01173-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court, Kaufman County, Texas
Trial Court Cause No. 85388-86.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.


In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant BOTHWELL, CHRISTOPHER.


Judgment entered May 30, 2014


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE