In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00142-CV
_____

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

M.E.K., Appellee

_____

**On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B180500-C**
_____

**MEMORANDUM OPINION**

The Texas Department of Public Safety (DPS) brings this restricted appeal from an order expunging M.E.K.'s criminal records related to a charge of misdemeanor driving while intoxicated in Orange County. DPS asserts that: (1) the trial court misinterpreted the expunction statute to allow records of the arrest to be destroyed when M.E.K. was convicted as a result of her arrest; and (2) legally insufficient evidence supports the expunction order, and if a hearing was held, the expunction order must be reversed because no reporter's record was made of the

1

hearing. We reverse the trial court's Order of Expunction based on the absence of a reporter's record.

## BACKGROUND

On December 20, 2014, M.E.K. was arrested in cause number C108129 for misdemeanor driving while intoxicated. On December 11, 2018, M.E.K. filed a Petition for Expunction to expunge records relating to the offense of driving while intoxicated because the indictment or information was presented and subsequently dismissed or quashed on July 11, 2017, due to mistake, thereby indicating a lack of probable cause at the time of the dismissal. In her petition, M.E.K. stated that she had reason to believe that, among other entities, DPS may have records or files subject to expunction, and M.E.K requested that DPS and the other entities be served with notice of the petition. M.E.K. asked the trial court to set the matter for a hearing after notice was provided.

The clerk's record contains a Hearing Notice setting a hearing on M.E.K.'s petition for expunction on March 29, 2019, at 9:00 a.m., and the notice was signed by the trial judge on January 22, 2019. On October 21, 2019, DPS filed its Original Answer and General Denial, asserting that M.E.K. "is barred from expunging records of the Petitioner's arrest on December 20, 2014, for the Class B misdemeanor offense of driving while intoxicated because the Petitioner was convicted as a result of this arrest." DPS attached to its answer a copy of the State's

2

Motion to Dismiss in cause number C108129 and a copy of Offense Reduction/Plea Agreement in cause number 170412, which shows that pursuant to a plea bargain, M.E.K.'s charge for driving while intoxicated in cause number C108129 was dismissed and M.E.K. was found guilty of a reduced offense, failure to maintain a single lane. According to DPS, M.E.K. is not entitled to an expunction because M.E.K.'s charge of driving while intoxicated resulted in a final conviction of a traffic violation based on the same arrest.

On December 17, 2019, the trial court signed an Order of Expunction, finding that M.E.K. is entitled to an expunction of all records and files relating to the alleged offense of driving while intoxicated. On May 4, 2020, DPS filed its Notice of Restricted Appeal. On appeal, DPS represented that it did not participate, personally or through counsel, in the hearing that resulted in the order of expunction, and DPS requested that the official court reporter prepare, file, and certify the entire transcription of the expunction hearing. This Court received an email from the official court reporter, stating that there is "no reporter's record in the above-mentioned case."

We review a trial court's ruling on a petition for expunction under an abuse of discretion. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.— Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Expunction is neither a

3

constitutional nor a common-law right, but a statutory privilege. *In re D.W.H.*, 458 S.W.3d 99, 104 (Tex. App.—El Paso 2014, no pet.). A statutory expunction proceeding is a civil rather than a criminal proceeding, and the petitioner has the burden of proving that she has complied with the requirements of the expunction statute. *Collin Cty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

To attack an order by restricted appeal, the appealing party must show: (1) it filed a notice of restricted appeal within six months after the judgment or complained-of order was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in person or through counsel in the hearing that resulted in the judgment or complained-of order and did not timely file any post-judgment motions or request findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* Tex. R. App. P. 26.1(c), 30.

DPS filed its Notice of Restricted Appeal within the six-month deadline set by Rule 26.1. *See* Tex. R. App. P. 26.1(c). DPS is a party entitled to appeal the expunction order. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a)[1] (providing that

---

[1]We cite to the current version of article 55.02 of the Texas Code of Criminal Procedure because the subsequent 2021 amendment does not affect the outcome of this appeal.

an agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases). DPS is named in the Order of Expunction as an agency or entity that might have records or files subject to expunction, there is no indication that DPS participated in any hearing that resulted in the expunction order, and DPS did not file any post-judgment motions or request findings of fact or conclusions of law. Thus, DPS met the first three requirements of its restricted appeal. *See Grant*, 447 S.W.3d at 886.

The fourth requirement is whether error is apparent on the face of the record. *See id.* DPS argues that error is apparent on the face of the record because a hearing was not held or alternatively there is no transcription of the hearing, and the clerk's record lacks enough evidence to grant the expunction absent a live hearing. DPS also contends that under the plain language of article 55.01(a)(2),[2] a petitioner is ineligible to expunge an offense for which she was arrested if she was convicted of a misdemeanor offense based on that arrest. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2).

Based on the trial court's Hearing Notice setting a hearing on M.E.K.'s Petition of Expunction, it is possible that a hearing occurred, but without a reporter's

---

[2]We cite to the current version of article 55.01 of the Texas Code of Criminal Procedure because the subsequent 2021 amendment does not affect the outcome of this appeal.

record we cannot know what evidence, if any, was introduced at the hearing. *See Tex. Dep't of Pub. Safety v. J.A.G.*, No. 09-19-00085-CV, 2020 WL 97579, at *3 (Tex. App.—Beaumont Jan. 9, 2020, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. L.V.*, No. 03-17-00809-CV, 2018 WL 3736131, at *3 (Tex. App.—Austin Aug. 7, 2018, no pet.) (mem. op.). The lack of a reporter's record constitutes error on the face of the record requiring a reversal of the trial court's Expunction Order and remand for a new hearing. *See J.A.G.*, 2020 WL 97579, at *3; *L.V.*, 2018 WL 3736131, at *3. For these reasons, we sustain DPS's issue two argument regarding the absence of a reporter's record, and we need not address DPS's other issues. *See* Tex. R. App. P. 47.1. Accordingly, we reverse the trial court's Expunction Order and remand the case to the trial court for a new hearing.

REVERSED AND REMANDED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on April 12, 2021
Opinion Delivered July 29, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.