# NO. 12-21-00089-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                    |   |                           |
|--------------------|---|---------------------------|
|                    | § | *APPEAL FROM THE 241ST*   |
| *EX PARTE: N.F.*   | § | *JUDICIAL DISTRICT COURT* |
|                    | § | *SMITH COUNTY, TEXAS*     |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals the trial court's order granting N.F.'s petition for expunction of records. In three issues, DPS argues it was not properly notified of the petition as required by statute, the order is not supported by sufficient evidence, and the trial court misinterpreted the expunction statute. We reverse the trial court's judgment and render judgment denying N.F.'s petition for expunction.

## BACKGROUND

On April 12, 2003, N.F. was arrested for assault causing bodily injury to a family member, a class A misdemeanor, in Smith County, Texas.[1] N.F. was booked into the Smith County jail for the offense on April 13. Subsequently, the State filed a complaint and information charging N.F. with assault family violence. On October 30, N.F. entered a plea of "guilty" to the lesser included offense of "Class C Assault" and was sentenced to pay a $500 fine, with $400 of the fine probated, before November 26.[2] N.F. timely paid the fine and was discharged from probation.

On December 21, 2020, N.F. filed a petition for expunction of records. In the petition, N.F. requested an expunction of records relating to the assault pursuant to Articles 45 and 55 of

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West Supp. 2021).

[2] *See id.* § 22.01 (a)(2)-(3), (c).

1

the Texas Code of Criminal Procedure. On March 12, 2021, the State filed an answer agreeing to N.F.'s expunction. On March 19, the trial court signed an order granting N.F.'s petition for expunction. On March 25, DPS filed a motion for new trial which was overruled by operation of law. This appeal followed.

**EXPUNCTION**

In its second issue, DPS argues that the trial court's order granting N.F.'s expunction should be reversed because it is not supported by sufficient evidence. In its third issue, it argues the trial court misinterpreted the expunction statute by granting an expunction because N.F. was convicted of a lesser included offense for which she was arrested.

**Discussion**

We review a trial court's order granting or denying expunction for an abuse of discretion. *Ex Parte C.G.B.*, No. 12-20-00169-CV, 2021 WL 4202724, at *3 (Tex. App.—Tyler Sept. 15, 2021, no pet.) (mem. op., not designated for publication); *see also Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). However, if an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, a trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

The purpose of the expunction statute is to allow the records of a person who has been wrongfully arrested to be expunged. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). The right to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). An expunction cannot be granted unless the statutory requirements are satisfied. *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Harris Cty. Dist. Atty's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex. App.—Houston [14th Dist.] 1993, no writ). The petitioner has the

2

burden of proving that all statutory requirements have been met and proved in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650; *J.H.J.*, 274 S.W.3d at 806.

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals (1) the complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

Article of 55.01, the expunction statute, provides, in pertinent part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of ... a ... misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> ...
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor....

TEX. CODE CRIM PROC. ANN. art. 55.01(a)(2)(A) (West Supp. 2021). N.F. argues that the trial court did not err in granting an expunction because "the trial court found that no final conviction had occurred and that N.F. was entitle [sic] to an expunction of this arrest." In support of this contention, N.F. directs our attention to the trial court's order granting the expunction. N.F. contends that DPS's argument "ignores the sworn petition" and further, the "the evidence was persuasive to the trial court who found that the Class C offense was not a final conviction." N.F. contends that "because there is no ability to probate a class C sentence, the Smith County Court at Law # 3 issued a deferred disposition of the charge." N.F. acknowledges that the final judgment indicates that the trial court found Appellant "guilty" of Class C assault; however, N.F. argues that "there are no provisions allowing a fine to be probated as stated...[t]he fine is imposed...[b]ecause the trial court entered a $500 fine with only $100 due this became a deferred disposition." N.F. argues that the condition imposed by the trial court was payment of a $100 fine and court costs and "[o]nce the conditions have been met by N.F. the effect is that there is

no final conviction." N.F. argues that had she not complied with the order, the court could have imposed the total fine and that action would result in a final conviction. According to N.F., this "deferred disposition" was then properly expunged.

A review of the record supports DPS's contention that N.F. received a final conviction for Class C assault. N.F. signed a document entitled "Written Plea Admonishments/Waiver of Counsel Waiver of Right to Counsel" wherein N.F. agreed to enter a plea of "guilty" to a Class C misdemeanor. The document has a space for the State's punishment recommendation which includes options for: confinement or probated confinement; deferred adjudication; a fine or a probated fine; court costs; and restitution. The document indicates the State recommended a $500 fine, with $400 probated if paid by November 26. There is no indication on the document that the State recommended a deferred disposition. Moreover, the trial court's judgment makes no mention of a deferred disposition. The judgment states that N.F. pleaded "guilty to the lesser included offense of Class C assault" in the County Court at Law #3 and "IT IS CONSIDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense of CLASS C ASSAULT." Thus, the judgment, on its face, states that N.F. was convicted of Class C assault.

Moreover, the only authority N.F. cites for her contention that she received a deferred disposition is Article 45.051 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 45.051 (West Supp. 2021) (entitled "Suspension of Sentence and Deferral of Final Disposition"). However, Article 45.051 only applies to cases presented before a justice court or municipal court by complaint. ***Id.*** art. 45.001 (West 2018) ("The purpose of this chapter is to establish procedures for processing cases that come within the criminal jurisdiction of the justice courts and municipal courts."); *see also **Houston Police Dep't v. Berkowitz**,* 95 S.W.3d 457, 462 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Here, N.F. pleaded "guilty" to a Class C assault in a county court at law; thus Article 45.051 is inapplicable to this case. ***Berkowitz***, 95 S.W.3d at 462.

Because the record clearly establishes that N.F. pleaded "guilty" to the lesser included offense of Class C assault in a county court at law and was found "guilty" of same, we conclude that N.F. was finally convicted of Class C assault. Therefore, we sustain DPS's second and third issues. We conclude that the evidence is legally insufficient to support the trial court's expunction order and N.F. is not entitled to an expunction pursuant to Article 55 of the code of

criminal procedure.  *See* TEX. CODE CRIM PROC. ANN. art. 55.01(a)(2)(A); *see also* **Berkowitz**, 95 S.W.3d at 462; **City of Keller**, 168 S.W.3d at 810.

## DISPOSITION

Having sustained DPS's second and third issues, we *reverse* the trial court's judgment granting N.F.'s petition for expunction of records and *render* judgment denying N.F.'s petition for expunction of records.[3]

**GREG NEELEY**
Justice

Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Because we sustain DPS's second and third issues, we have granted the requested relief sought and need not address DPS's first issue in which it argues that DPS was never properly notified of the petition for expunction, as required by the statute.  *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-21-00089-CV**

**EX PARTE: N.F.**

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 20-2807-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in judgment as entered by the court below and that same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court in favor of Appellee, **N.F.,** be, and the same is, hereby **reversed** and judgment **rendered** that N.F.'s petition for expunction of records is **denied**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*