The STATE of Texas, Appellant,

v.

Shreesha M. BHAT, Appellee.

No. 05–03–01218–CV.

Court of Appeals of Texas,
Dallas.

Feb. 18, 2004.

John R. Roach, Collin County District Atty., and Manuel E. Gonzalez, Asst. Criminal District Atty., McKinney, for Appellant.

Shreesha M. Bhat, Plano, pro se.

Lawrence B. Mitchell, Dallas, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

The State of Texas appeals the trial court's order expunging all records relating to appellee's arrest for assault. In three points of error, the State argues (1) appellee failed to prove up his Petition for Expunction (the "Petition"), (2) the evidence is legally insufficient to support the trial court's order, and (3) the evidence is factually insufficient to support the trial court's order. For the reasons discussed below, we reverse the trial court's order and render judgment denying appellee's Petition.

On March 13, 2003, appellee's wife called 911 when she and appellee were having an argument. Police from the University of Texas at Dallas ("UTD") were dispatched to appellee's home, and appellee was arrested for assault-family violence. On June 16, 2003, appellee filed his Petition; the trial court held a hearing on the Petition on August 4, 2003. At the hearing, appellee testified there had been no assault on March 13th and that his wife had called 911 by mistake when trying to call her parents in India. Appellee's wife also testified at the hearing. She testified her husband had been dialing her parents for her, but he dialed 911 by mistake. She testified she had filed a "nonprosecution form" with the UTD police and that the investigating officer had assured her he would not be prosecuting appellee. No charges had been filed against appellee at the time of the hearing. On August 4, 2003, the trial court granted the Petition and entered the Order of Expunction.

The State's second issue argues appellee failed to present evidence he was entitled to expunction under article 55.01 of the

**436**

code of criminal procedure. Specifically, the State argues appellee failed to offer evidence meeting one of the following conditions:

(i) the limitations period had expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.

Tex.Code Crim. Proc. Ann art. 55.01(a)(2)(A) (Vernon Supp.2004). In this case, there had been no presentation of an indictment or information, so subsection (ii) is not applicable. Instead, appellee was required to prove that the statute of limitations for the offense for which he was arrested had expired before June 16, 2003, the date he filed his Petition. *See id.* art. 55.01(a)(2)(A)(i); *see also Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 649 n. 4 (Tex.App.-Austin 2002, pet. filed) (after 2001 amendment to statute, when no presentment, petitioner must prove limitations period expired before date of filing petition). At a bare minimum, the limitations period for appellee's offense would be two years. *See* Tex.Code Crim. Proc. art. 12.02. Thus, the limitations period would not have expired until March 2005. As appellee concedes in his brief, "[t]he State's claim that the statute of limitations period had not expired is of course well taken."

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct.

2781, 61 L.Ed.2d 560 (1979); *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App. 1997). Here there was no evidence-and there could be no evidence-that the statute of limitations had expired. Appellee did not carry his burden to prove his entitlement to expunction. We conclude the evidence is legally insufficient to support the trial court's Order of Expunction. We grant the State's second point of error, reverse the Order of Expunction, and render judgment that appellee's Petition is denied.