223 S.W.3d 499 (2006)
Ex parte M.R.R.
No. 07-05-0294-CV.
Court of Appeals of Texas, Amarillo.
June 7, 2006.
John Charles Grace, for appellant.
Thad D. Spalding, for appellee.
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Opinion
BRIAN QUINN, Chief Justice.
The State of Texas (the State) appeals an order expunging the arrest and prosecution records of M.R.R. It is undisputed that M.R.R. was originally arrested for a misdemeanor, pled guilty to a Class C misdemeanor, had the adjudication of her guilt deferred, and successfully performed the terms of her community supervision. Within a year of her arrest, she moved to have her records expunged. The motion was granted. The State questions the ruling via two issues. They involve whether M.R.R. satisfied the requirements of art. 55.01(a)(2)(A)(i) and (ii) of the Texas Code of Criminal Procedure. We affirm the decision of the trial court.
Preliminarily, we make several observations. First, this issue is reviewed under the standard of abused discretion. Ex parte Guajardo, 70 S.W.3d 202, 204 (Tex.App.-San Antonio 2001, no pet.). Second, courts have no inherent or equitable power to expunge criminal records. *500 Tex. Dep't of Pub. Safety v. Woods, 68 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2002, no pet.). All is dependent upon statute. And, third, the applicant seeking expunction must strictly comply with the statutory terms. Id.
Next, art. 55.01 of the Code of Criminal Procedure specifies the conditions for having one's criminal records expunged. It states, among other things, that:
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
* * *
(2) each of the following conditions exist:
(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and
(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.
TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A), (B) & (C) (Vernon 2003). The conditions appearing in art. 55.01(a)(2)(B) and (C) are irrelevant to the controversy before us. Again, the State simply contends that M.R.R. failed to prove that she had satisfied the subparts to art. 55.01(a)(2)(A). And, to this contention she replies that they need not be satisfied since she was charged with and pled guilty to a misdemeanor. We agree with her.
In holding as we do, we take into consideration two rules of statutory construction. They obligate us not only to apply the statute's plain language but also to view its terms in context. Phillips v. Beaber, 995 S.W.2d 655, 658 (Tex.1999). With regard to the matter of context, we immediately note that paragraphs (i) and (ii) follow and are subparts of paragraph (2)(A); they do not stand alone. And, being so located, they serve to modify, condition or expand (2)(A).
As for the plain language of paragraph (2)(A), it speaks of felonies. That is, the provision refers to situations wherein an "indictment or information charging the person with commission of a felony" has or has not been presented. TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A) (emphasis added). And, it is beyond doubt that felonies are types of crimes that do not include misdemeanors.
So, given the legislature's express use of the word "felony" in (2)(A) and the placement of (i) and (ii) as subparts of (2)(A), we cannot but hold that the conditions mentioned *501 in paragraphs (i) and (ii) apply only when felonies are involved. So too do we acknowledge that our interpretation of the statute comports with that rendered by the majority of courts which have addressed the question. See Travis Cty. Attorney v. J.S.H., 37 S.W.3d 163, 165 n. 2 (Tex.App.-Austin 2001, no pet.) (stating that subsection (a)(2)(A) applies only to felony charges); Texas Dept. Public Safety v. Moran, 949 S.W.2d 523, 526 (Tex.App.-San Antonio 1997, no writ) (noting that only paragraphs (a)(2)(B) and (C) applied since the applicant was charged only with a misdemeanor); Harris Cty. D.A. v. D.W.B., 860 S.W.2d 719, 721 n. 3 (Tex. App.-Houston [1st Dist.] 1993, no writ) (involving the similarly worded predecessor to 55.01(a)(2) and holding the same as Moran); accord, Ex parte Scott, 818 S.W.2d 226, 227 (Tex.App.-Corpus Christi 1991, no writ) (stating that the applicant must prove that there has been neither an indictment or information charging a felony or that the felony indictment or information was dismissed).[1]
There being no felony involved at bar, M.R.R. need not have satisfied those terms in art. 55.01(a)(2)(A) and its subparts. Consequently, the trial court did not abuse its discretion in granting her request and expunging the record of her arrest.
We overrule the State's issues and affirm the order of expunction.
NOTES
[1] While the Fifth Court of Appeals has applied paragraph (a)(2)(A) to misdemeanors, e.g. Collin Cty. Crim. D.A. v. Dobson, 167 S.W.3d 625 (Tex.App.-Dallas 2005, no pet.), it has not explained why the word "felony" in (2)(A) or the context of subparts (i) and (ii) should be ignored.