**In the Matter of the EXPUNCTION of K.E.L.**

No. 08–05–00333–CV.

Court of Appeals of Texas, El Paso.

Aug. 17, 2006.

Frank D. Brown, Fort Stockton, for Appellant.

Rod Ponton, Alpine, for Appellee.

Before McCLURE, J., CHEW, J., and GUADERRAMA, J. (GUADERRAMA, J., Sitting by Assignment).

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

This is an appeal from an expunction order granted in favor of K.E.L. In its sole issue, the Appellant, the State of Texas, asserts there is no evidence of the requirements of Article 55.01(a)(2) of the Texas Code of Criminal Procedure. We affirm.

On May 11, 2005, K.E.L. filed a verified petition to expunge all records and files pertaining to and in connection with her arrest and charge on February 17, 2005 for the misdemeanor offense of violation of the Texas Open Meeting Acts. *See* Tex. Gov't Code Ann. § 551.144 (Vernon 2004). Appellant filed a general denial on July 15, 2005. The trial court conducted a hearing on the petition on August 19, 2005. At the hearing, the trial court took judicial notice of the proceedings in the underlying case, including the order granting the State's motion to dismiss the indictment. The motion recites that the State sought dismissal of the indictment in the case because a witness had changed his testimony concerning the receipt of an e-mail in contradiction to his testimony before the grand jury which returned the indictment. The underlying cause was dismissed on May 3, 2005.

At the hearing, K.E.L.'s counsel asserted that K.E.L.'s request for expunction was based on the ground that the reason for the dismissal included absence of probable cause at the time of the dismissal to believe K.E.L. had committed the offense. *See* Tex.Code Crim.Proc.Ann. art. 55.01(a)(2)(A)(ii)(Vernon Supp.2006). Besides the record from the underlying case, K.E.L. testified that she had never been

convicted of a felony. After the hearing, the trial court granted the expunction order.

The State requested finding of facts and conclusions of law. The trial court filed its finding of facts and conclusions of law on September 8, 2005, in which it found the following conditions existed:

(1) There was no probable cause to support the indictment in Cause No. 3744 at the time it was presented;

(2) There was no probable cause to support the indictment in Cause No. 3744 at the time it was dismissed;

(3) An indictment or information charging [K.E.L.] with commission of a felony has not been presented;

(4) [K.E.L.] has been released and the charge did not result in a final conviction and there was no court ordered community supervision;

(5) [K.E.L.] has not been convicted of a felony in the five years preceding the date of arrest herein;

(6) [K.E.L.] is entitled to expunction pursuant to Art. 55.01, Code of Criminal Procedure, and pursuant to Art. 55.01 Code of Criminal Procedure, Sec. (a)(2), (A.B.C.).

On appeal, Appellant argues that the evidence in the record is legally insufficient to show strict compliance with Article 55.01(a)(2) because K.E.L. presented no evidence that the limitations period expired before the date the expunction petition was filed. Further, Appellant asserts that K.E.L. presented no evidence that she had not been convicted of a felony in the five years preceding the date of arrest.

### Standard of Review

 In a bench trial, a legal sufficiency challenge to the trial court's findings of fact is reviewable under the same standard that is applied in reviewing evidence sup-

porting a jury's answer. *In re Expunction of Ramirez,* 143 S.W.3d 856, 858 (Tex. App.-El Paso 2004, no pet.); *see also Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). If conflicting inferences can be drawn from the evidence, we must assume the trier of fact made all inferences in favor of the verdict if reasonable minds could, and disregarded all other inferences. *Id.* at 821. So long as the evidence falls within a zone of reasonable disagreement, we will not substitute our judgment for that of the trier-of-fact. *Id.* at 822.

Moreover, a no-evidence challenge will be sustained only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex.2003). The evidence is no more than a scintilla "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994).

We review the trial court's conclusions of law *de novo. Dominguez v. Castaneda,* 163 S.W.3d 318, 325 (Tex.App.-El

Paso 2005, pet. denied); *Fidelity & Cas. Co. of New York v. Hailes,* 969 S.W.2d 123, 124 (Tex.App.-El Paso 1998, pet. denied).

### *Right to Expunction for Misdemeanor under Article 55.01*

The right to expunction is a statutory privilege. *In the Matter of Wilson,* 932 S.W.2d 263, 265 (Tex.App.-El Paso 1996, no writ). In a statutory cause of action, all provisions are mandatory and exclusive and a person is entitled to expunction only when all of the conditions have been met. *Texas Dept. of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex. App.-Austin 2001, no pet.); *Matter of Wilson,* 932 S.W.2d at 266. An expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statute rests with the petitioner. *Houston Police Department v. Berkowitz,* 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Matter of Wilson,* 932 S.W.2d at 266.

Article 55.01 of the Texas Code of Criminal Procedure allows a party who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor to obtain an expunction if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was ar-

rested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim.Proc.Ann. art. 55.01(a)(1)(2).

■ A party seeking an expunction arising from either a felony or misdemeanor charge must satisfy at least Subsections (2)(B) and (2)(C); failure to do so will result in evidence that is legally insufficient to show strict compliance with Article 55.01(a)(2). *See Collin County Criminal Dist. Attorney's Office v. Dobson,* 167 S.W.3d 625, 626–27 (Tex.App.-Dallas 2005, no pet.); *Houston Police Dept. v. Berkowitz,* 95 S.W.3d 457, 460–61 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). The issue here is whether Subsection (2)(A) of

article 55.01(a) applies where the underlying criminal charge is a misdemeanor.

Appellant argues that pursuant to Subsection (2)(A)(i), K.E.L. was required to provide evidence as to the expiration of the limitations period and because she failed to do so, the evidence is legally insufficient to show strict compliance with Article 55.01(a). Further, Appellant asserts that Subsection (2)(A)(ii), applies only to petitioners who have been charged with a felony, thus, when the underlying charge is a felony, a petitioner can either show that the limitations period has run *or* "that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." *See* Tex.Code Crim.Proc.Ann. art. 55.01(a)(2)(A)(i), (ii). Under Appellant's reading of the statute, petitioners seeking an expunction where the underlying charge is a misdemeanor, must always show that the limitations period has expired and cannot rely upon Subsection (2)(A)(i) to satisfy the statutory requirements.

■ In construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003); *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex.2000); Tex. Gov't Code Ann. §§ 311.021, 311.023, 312.005 (Vernon 2005). In discerning that intent, we begin with the plain and common meaning of the statute's words. *McIntyre,* 109 S.W.3d at 745. We must read the statute as a whole and not just isolated portions. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the

language consistent with other provisions in the statute. *See McIntyre*, 109 S.W.3d at 745. We also consider the objective the law seeks to obtain and the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(1), (5); *see also McIntyre*, 109 S.W.3d at 745. We should read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.-Austin 2002, pet. denied).

The statute clearly provides that in cases where the underlying offense is a felony, a petitioner must satisfy either Subsection (2)(A)(i) or Subsection (2)(A)(ii). However, by its plain reading, Subsection (2)(A) does not apply where the underlying offense is a misdemeanor. Indeed, Subsection (2)(A) applies only when: (1) an indictment or information charging the person with commission of a *felony* has not been presented; or (2) if an indictment or information charging the person with commission of a *felony* was presented, the indictment or information has been dismissed or quashed. *See* Tex.Code Crim. Proc.Ann. art. 55.01(a)(2)(A)(i), (ii). While we recognize that the Dallas Court of Appeals in *State v. Bhat*, 127 S.W.3d 435, 436 (Tex.App.-Dallas 2004, no pet.) applied Subsection (2)(A) where the underlying charge was a misdemeanor, we decline to follow our sister court's interpretation of the statute.

Because the underlying criminal charge in this case was a misdemeanor, we conclude that K.E.L. was not required to show either requirement contained in Subsection (2)(A).[1]

■ With regard to K.E.L.'s evidence to satisfy Subsection (2)(C), the record shows that K.E.L.'s counsel admitted the entire file of K.E.L.'s criminal case into evidence. K.E.L.'s indictment was before the trial court. During the hearing, the following exchange took place between K.E.L. and her counsel:

Q. Have you been arrested or convicted of a felony in the last five years?

A. Never.

Q. Do you have any other criminal record other than this arrest for this Open Meetings Act violation?

A. Never.

Q. Are you asking the Court to grant an expunction of your case at this time?

A. Yes, sir, I am.

In her testimony, K.E.L. unequivocally stated that she had never been arrested or convicted of a felony. Her statement clearly included the five years preceding the date of the arrest for the underlying misdemeanor charge. We conclude there was legally sufficient evidence to support the trial court's finding that K.E.L. had not been convicted of a felony in the five years preceding the date of arrest. *See* Tex.Code Crim.Proc.Ann. art. 55.01(a)(2)(C). Because K.E.L. met the statutory requirements under Article 55.01(a)(2)(C), and we find that Subsection (2)(A) did not apply in this case, we overrule Appellant's sole issue for review.

---

**1.** We recognize that the Legislature may have desired proof that the limitations period had expired in misdemeanor cases, but the plain wording of the statute conflicts with such an interpretation. *See* House Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1323, 77th Leg., R.S. (2001)("House Bill 1323 amends the Code of Criminal Procedure to provide that a person is entitled to have all records and files relating to the person's felony or misdemeanor arrest expunged if an indictment or information has been dismissed or quashed, and the limitations period has expired.").

We affirm the trial court's order of expunction.