NO. 07-06-0109-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 20, 2006


______________________________



STATE OF TEXAS, APPELLANT



V.



JUDY BEAM, APPELLEE


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-533,919; HONORABLE DAVID GLEASON, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

OPINION


 The State appeals the granting of appellee Judy Beam's petition for expunction of
records contending that Beam failed to meet the necessary requirements prior to filing her
petition. We affirm.

Background 

 In June 2005, Beam was arrested and charged with the offense of terroristic threat;
however, the misdemeanor charge was dismissed as part of a plea agreement. In
February 2006, Beam filed a motion for expunction of records related to the June 2005
arrest and charge, which the State opposed. At a hearing in March, the State argued that
Beam had never been charged with a felony arising from the June 2005 matter and that
the statute of limitations for terroristic threat had not run prior to Beam's filing of the motion
for expunction of records. After the trial court granted Beam's request for expunction, the
State filed its notice of appeal. 

 The State's sole issue is whether article 55.01(a)(2) of the Texas Code of Criminal
Procedure requires the expiration of the statute of limitations prior to the filing of an
expunction request when the sought expunction involves a misdemeanor offense. See
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i)-(ii) (Vernon Supp. 2006). We have
previously held that, when the sought expunction involves a misdemeanor offense,
subsection (A), which requires the expiration of the statute of limitations prior to the filing
of the petition for expunction, does not apply. See Ex parte M.R.R., No. 07-05-0294-CV,
2006 WL 1547764 (Tex.App.-Amarillo, June 7, 2006, pet. filed). Accordingly, we affirm.


 Mackey K. Hancock

 Justice




 



ame and because the first
was dismissed, the second must be as well. Finally, in refusing to dismiss the proceeding,
the trial court allegedly abused its discretion. 

 This court, in In re T.M., 33 S.W.2d 341 (Tex. App.--Amarillo 2000, no pet.), held
that dismissal of a proceeding under §263.401(a) and (c) of the Texas Family Code was
not an adjudication on the merits. Id. at 347. Thus, the TDPRS could again file a petition
seeking termination on the same grounds alleged in the dismissed suit. Id. However, the
facts upon which termination was sought in the first suit could not be used to obtain
termination in the second. Id. 

 Here, comparison of the petitions initiating the first and second suit evince that
similar grounds are being urged as basis for termination. However, whether the grounds
averred in the second are supported by new facts cannot be determined from a
comparison of the two pleadings or perusal of the record before us. This is so because
various of the grounds lack accompanying factual support. (2) Furthermore, Gardner
acknowledged that the TDPRS purported to aver at least one new fact (i.e. sexual abuse)
though she attempted to explain why it was inconsequential. Without evidence (such as
that obtained through discovery or like means) depicting the facts underlying the grounds
averred in the second suit and allowing us to compare the factual basis of both suits, we
cannot say that the two suits involve the same facts. 

 In short, to adjudicate this controversy we would have to decide whether the facts
underlying the grounds asserted in each petition are the same. Yet, what those facts are
is unclear. This circumstance prevents us from granting mandamus. Brady v. Fourteenth
Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990).

 Accordingly, we deny the petition for writ of mandamus.

 

 Brian Quinn

 Justice


Do not publish.






1. Section 263.401 of the Texas Family Code states:



 Unless the court has rendered a final order or granted an extension under subsection (b),
on the first Monday after the first anniversary of the date the court rendered a temporary
order appointing the department as temporary managing conservator, the court shall dismiss
the suit affecting the parent-child relationship filed by the department that requests
termination of the parent-child relationship or requests that the department be named
conservator of the child. 



 (b) On or before the time described by Subsection (a) for the dismissal of the suit, the court
may extend the court's jurisdiction of the suit for a period stated in the extension order, but
not longer than 180 days after the time described by Subsection (a), if the court has
continuing jurisdiction of the suit and the appointment of the department as temporary
managing conservator is in the best interest of the child . . . .


 (c) If the court grants an extension, the court shall render a final order or dismiss the suit on or
before the date specified in the extension order and may not grant an additional extension.

2. Gardner contends that the pleading is defective because facts are not averred in support of the
grounds. Yet, she did not specially except to same. So any claim of defect is not before us.