NO. 07-06-0109-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 20, 2006
_____

STATE OF TEXAS, APPELLANT

V.

JUDY BEAM, APPELLEE
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,919; HONORABLE DAVID GLEASON, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**OPINION**

The State appeals the granting of appellee Judy Beam's petition for expunction of records contending that Beam failed to meet the necessary requirements prior to filing her petition. We affirm.

Background

In June 2005, Beam was arrested and charged with the offense of terroristic threat; however, the misdemeanor charge was dismissed as part of a plea agreement. In

February 2006, Beam filed a motion for expunction of records related to the June 2005 arrest and charge, which the State opposed.   At a hearing in March, the State argued that Beam had never been charged with a felony arising from the June 2005 matter and that the statute of limitations for terroristic threat had not run prior to Beam's filing of the motion for expunction of records.  After the trial court granted Beam's request for expunction, the State filed its notice of appeal.

The State's sole issue is whether article 55.01(a)(2) of the Texas Code of Criminal Procedure requires the expiration of the statute of limitations prior to the filing of an expunction request when the sought expunction involves a misdemeanor offense.  See TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i)-(ii) (Vernon Supp. 2006).   We have previously held that, when the sought expunction involves a misdemeanor offense, subsection (A), which requires the expiration of the statute of limitations prior to the filing of the petition for expunction, does not apply.  See Ex parte M.R.R., No. 07-05-0294-CV, 2006 WL 1547764 (Tex.App.–Amarillo, June 7, 2006, pet. filed).  Accordingly, we affirm.


Mackey K. Hancock
Justice


2