NO. 07-06-0401-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 13, 2006


______________________________



MICHAEL STEVEN STONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,552-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pursuant to a guilty plea, appellant Michael Steven Stone was convicted of
aggravated sexual assault of a child. His twelve-year sentence was imposed on March 7,
2003. He now seeks to appeal his conviction. We dismiss for want of jurisdiction.

 A notice of appeal in a criminal case is required to be filed within 30 days after the
day sentence is imposed or suspended in open court, or within 90 days if a timely motion
for new trial is filed. Tex. R. App. P. 26.2(a). Rule 26.3 allows for an extension of time if
the appellant files a notice of appeal with the trial court within 15 days after the deadline
for filing the notice and files a motion for extension of time in the appellate court. In the
absence of a timely notice of appeal, a court of appeals is without jurisdiction to address
the merits of an appeal and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).

 The judgment reflects appellant was sentenced on March 7, 2003, making the
deadline by which to file the notice of appeal April 7, 2003. (1) Appellant's pro se document
expressing an intent to appeal his conviction was filed on October 5, 2006. (2) Appellant's
notice is untimely and does not invoke our jurisdiction.

 Consequently, the appeal is dismissed for want of jurisdiction.


 James T. Campbell

 Justice



Do not publish.
1. The 30th day fell on Sunday, April 6, 2003, extending the deadline to the following
day per Rule 4.1 of the Texas Rules of Appellate Procedure. 
2. We additionally note that Rule of Appellate Procedure 25.2(c) provides that a
notice of appeal in a criminal case is to be filed with the trial court clerk. 



ity="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0278-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MARCH 22, 2010

 

______________________________

 

 

EX PARTE JAMES G. MILLER 

 

_________________________________

 

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009547,036; HONORABLE SAM
MEDINA, JUDGE

 

_______________________________

 

Before QUINN, HANCOCK and PIRTLE, JJ.

DISSENTING OPINION

            I join the
majority in finding that the trial court had jurisdiction to hear this matter;
however, I write separately to dissent from the majority's finding that the
trial court did not erroneously dismiss this case.  A statutory expunction proceeding is civil
rather than criminal in nature.  Collin County Criminal District Attorney's
Office v. Dobson, 167 S.W.3d 625 (Tex.App.--Dallas 2005, no pet.).  On July 15, 2009, the trial court scheduled
this matter for a hearing.  Twelve days
later, on July 27th, 2009, the trial court summarily entered an order of
dismissal.  A trial court erroneously
dismisses a civil proceeding when it dismisses a proceeding without appropriate
due process.  Because Appellant was not
afforded the opportunity of a hearing or the procedural benefits of a summary
judgment proceeding, I would reverse the order of the trial court and remand
for further proceedings. 

 

                                                                                      Patrick A. Pirtle                                                                                                                                       Justice