**The STATE of Texas, Petitioner**

v.

**Judy BEAM, Respondent.**

**No. 06–0974.**

Supreme Court of Texas.

June 1, 2007.

Matthew Dane Powell, Lubbock County Criminal District Atty., and John Charles Grace, Assistant Criminal District Atty., Lubbock, for Petitioner.

Christopher David Brown, Attorney At Law, and Laurie L. Key, Lubbock, for Respondent.

Chief Justice JEFFERSON delivered the opinion of the Court.

On June 20, 2005, Judy Beam was arrested and charged with a misdemeanor offense. Pursuant to a plea agreement, the charge was later dismissed and Beam was granted deferred adjudication on the lesser charge of disorderly conduct. TEX. PENAL CODE § 42.01(a). On February 16, 2006, less than two years later, Beam filed a petition for expunction pursuant to article 55.01 of the Code of Criminal Procedure. The State contends that Beam is not entitled to expunction until two years after the date on which she allegedly committed the misdemeanor offense because the State has a two-year limitations period during which it may present an indictment or information. CODE CRIM. PROC. art. 12.02.[1] Therefore, according to the State, Beam cannot seek expunction before the two-year limitations period has expired on June 20, 2007.[2]

The trial court granted Beam's petition for expunction, and the State appealed. The court of appeals affirmed the trial court's judgment, holding that paragraph (a)(2)(A) of article 55.01 does not apply "when the sought expunction involves a misdemeanor offense." —— S.W.3d ——, 2006 WL 2690013, at *1. We disagree and hold that the limitations requirement in article 55.01(a)(2)(A)(i) applies to both felonies and misdemeanors. Accordingly, we reverse the court of appeals' judgment and render judgment for the State.

█ Beam sought expunction pursuant to article 55.01(a)(2) of the Code of Criminal Procedure which provides, in relevant part:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) *each* of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the per-

---

1. "An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." CODE CRIM. PROC. art. 12.02.

2. The record is unclear as to the actual date Beam allegedly committed the misdemeanor offense. Beam was arrested on June 20, 2005, and it is the only date cited in the record. For purposes of this opinion, we assume that June 20, 2005 is the operative date.

son with commission of a felony was presented, the indictment or information has been dismissed or quashed, **and:**

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02.

CODE CRIM. PROC. art. 55.01(a)(2)(A)(i) (emphasis added).

Beam argues that, because paragraph (a)(2)(A) is limited to felonies, the limitations requirement in paragraph (a)(2)(A)(i) is also so limited. The State disagrees, contending that the plain language of the statute requires the expiration of limitations for both felonies and misdemeanors before expunction may be sought. We agree with the State.

Prior to 2001, article 55.01(1) (current article 55.01(a)(2)(A)'s predecessor) applied only to felonies, and there was no requirement that the limitations period expire before expunction could be sought. Act of May 29, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3666 (amended 2001) (current version at CODE CRIM. PROC. art. 55.01(a)); *see Travis County Attorney v. J.S.H.,* 37 S.W.3d 163, 165 n. 2 (Tex. App.-Austin 2001, no pet.); *Tex. Dep't of Pub. Safety v. Moran,* 949 S.W.2d 523, 526 (Tex.App.-San Antonio 1997, no writ); *Harris County Dist. Attorney's Office v. D.W.B.,* 860 S.W.2d 719, 721 n. 3 (Tex. App.-Houston [1st Dist.] 1993, no writ); *Ex parte Scott,* 818 S.W.2d 226, 227 (Tex. App.-Corpus Christi 1991, no writ); *Ex parte Watts,* 742 S.W.2d 745, 747 (Tex. App.-Houston [1st Dist.] 1987, no writ). In 2001, however, the Legislature amended article 55.01(a) to provide that the limitations period for the underlying offense must expire before a petition for expunction may be filed: "[T] he limitations period [must have] expired before the date on which a petition for expunction was filed

under Article 55.02." Act of May 27, 2001, 77th Leg., R. S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (codified at CODE CRIM PROC. art. 55.01(a)(2)(A)(i)). The State asserts that the Legislature added this requirement so that courts would not order expungement of all records and files relating to a person's arrest if that person were still subject to prosecution for a crime arising out of the transaction for which the person was arrested.

After the Legislature amended article 55.01(a) in 2001, however, courts of appeals have differed as to the correct interpretation of the statute. The Amarillo and El Paso courts of appeals have held that because article 55.01(a)(2)(A) applies only to felonies, article 55.01(a)(2)(A)(i)'s limitations requirement applies only to felonies. *Beam,* —— S.W.3d ——; *In re Expunction of K.E.L.,* 225 S.W.3d 637, 2006 WL 2382503 (Tex.App.-El Paso 2006, pet. filed); *Ex parte M.R.R.,* 223 S.W.3d 499 (Tex.App.-Amarillo 2006, pet. filed). The Amarillo court noted that paragraph (2)(A)(i) is but a subpart of paragraph (2)(A); as such, it "serve[s] to modify, condition or expand (2)(A)," which applies only to felonies. *M.R.R.,* 223 S.W.3d at 500. The El Paso court held that "by its plain reading, Subsection (2)(A) does not apply where the underlying offense is a misdemeanor" and thus the limitations period did not have to expire before the petitioner sought to have a misdemeanor charge expunged. *K.E.L.,* 225 S.W.3d at 642, 2006 WL 2382503, at *4.

The Dallas court of appeals, on the other hand, has held that article 55.01(a)(2)(A)(i)'s limitations requirement applies regardless of whether the expunction relates to a felony or a misdemeanor offense. *Collin County Criminal Dist. Attorney's Office v. Winger–Bearskin,* No. 05–05–00924–CV, 2006 WL 531283, at *1 (Tex.App.-Dallas Mar. 6, 2006, pet. de-

nied); *Collin County Criminal Dist. Attorney's Office v. Dobson,* 167 S.W.3d 625, 627 (Tex.App.-Dallas 2005, no pet.); *Collin County Criminal Dist. Attorney's Office v. Russell,* No. 05–04–00100–CV, 2005 WL 160194, at *1 (Tex.App.-Dallas Jan.6, 2005, no pet.); *see also State v. Bhat,* 127 S.W.3d 435, 436 (Tex.App.-Dallas 2004, no pet.). That court requires a party seeking expunction to prove that the limitations period for the applicable offense—whether misdemeanor or felony—has expired before filing the petition. *Dobson,* 167 S.W.3d at 627; *Bhat,* 127 S.W.3d at 436 (citing *Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 646 n. 4 (Tex.App.-Austin 2002, pet. denied)).

The State argues, and we agree, that article 55.01(a)'s recent amendment supports the Dallas court of appeals' view that the limitations requirement of article 55.01(a)(2)(A)(i) applies to both felonies and misdemeanors. Paragraph (2) authorizes expunction for felonies and misdemeanors only if "*each* of the following conditions exist," and then sets forth three conditions, (2)(A), (2)(B), and (2)(C). CODE CRIM. PROC. art. 55.01(a)(2) (emphasis added). Paragraph (2)(A) first requires that an indictment or information charging the person with committing a felony must not have been presented, or if presented, it must have been dismissed or quashed. *Id.* art. 55.01(a)(2)(A). This condition will always be satisfied in a misdemeanor case. But (2)(A) contains an additional requirement: the limitations period must have expired before the petition was filed. *Id.* art. (a)(2)(A)(i). The statute uses the word "and" to connect paragraph (2)(A) and (2)(A)(i), meaning that both requirements must be met before a party is entitled to expunction. *Id.* art. 55.01(a)(2)(A). Although parts of (2)(A) are expressly limited to felonies, (2)(A)(i) is not. Because it is not, we conclude that it applies to misdemeanors as well.[3] *Id.* art. 55.01(a)(2)(A)(i). To the extent that some courts of appeals have held otherwise, we disapprove those decisions. *In re Expunction of K.E.L.,* 225 S.W.3d at 639, 2006 WL 2382503, at *1; *Ex parte M.R.R.,* 223 S.W.3d at 500.

■ Here, Beam was arrested and charged with a misdemeanor offense, but the charge was dismissed pursuant to a plea agreement and she was granted deferred adjudication on a lesser charge. Beam sought expunction pursuant to paragraph (a)(2). No felony indictment or information has yet been presented against Beam, but the limitations period for the underlying offense has not expired. Therefore, Beam does not satisfy the requirements for filing an expunction petition under paragraph (a)(2). *See* CODE CRIM. PRO. art. 55.01(a)(2). Even though Beam was arrested for a misdemeanor offense, she must wait until the two-year limitations period expires on June 20, 2007 before she may seek expunction—assuming she meets article 55.01's remaining requirements, a question we do not reach. *Id.* art. 55.01(a)(2)(A)(i).

Without hearing oral argument, we reverse the court of appeals' judgment and render judgment for the State. TEX.R.APP. P. 59.1, 60.2(c).

---

3. We note that this interpretation is supported by the legislative history. *See* HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 1323, 77th Leg., R.S. (2001) ("House Bill 1323 amends the Code of Criminal Procedure to provide that a person is entitled to have all records and files relating to the person's felony or misdemeanor arrest expunged if an indictment or information has been dismissed or quashed, and the limitations period has expired.").