NO. 07-07-0053-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 14, 2007
_____

CHAD DAVIS,

Appellant

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellee
_____

FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY;

NO. 26,092; HON. JOHN PLACKE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Chad Davis (Davis) appeals from an order denying his request for the expunction of a judgment convicting him of failing to identify himself. We affirm the order.

Davis sought to expunge the judgment because it was purportedly void. That is, he contended that he was never convicted of the offense; rather, the charge allegedly was dismissed once the fine was paid. Davis acknowledged the existence of the judgment but argued that "[n]one of [the] events [mentioned in it] took place." In short, the "judgment

[was] . . . falsified by the state," the "facts in this case [were] not as . . . represented," and, therefore, the "judgment [was] void because it never happened," he concluded.

We review the decision to deny expungement under the standard of abused discretion. *Ex parte M.R.R.,* 223 S.W.3d 499 (Tex. App.–Amarillo 2006), *overruled in part on other grounds by State v. Beam,* 226 S.W.3d 392 (Tex. 2007). We further note that courts lack inherent or equitable power to expunge criminal records; rather, that relief arises from statute and strict compliance with its conditions or terms is required. *Tex. Dep't of Public Safety v. Woods,* 68 S.W.3d 179, 182 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (requiring strict compliance with the statutory provisions).

Next, the several situations wherein expungement is permitted in Texas contemplate a dismissal or acquittal of the charges levied. TEX. CODE CRIM. PROC. ANN. art. 55.01 *et seq.* (Vernon 2006). That is, the proceeding must have resulted in either an acquittal or dismissal but not a final conviction. *See id.* art. 55.01(a)(2)(B) (stating that the charge must not have resulted in a final conviction). Yet, the record before us contains neither. Instead, Davis purports to attack, through a civil expungement proceeding, *McCarroll v. Texas Dep't of Public Safety*, 86 S.W.3d 376, 378 (Tex. App.–Fort Worth 2002, no pet.) (noting that expungement is civil in nature), the validity of a final judgment rendered in a criminal case at the close of the last century.[1] Given that the charge here resulted in a final conviction, even though he believes it to be void, Davis could not satisfy the conditions of art. 55.01. Thus, he was not entitled to expunge the judgment.

---

[1]Other avenues exist through which one can belatedly attack a final conviction. They too are found in the Code of Criminal Procedure.

Finally, that the trial court convened no oral hearing or trial to entertain Davis' petition does not mandate reversal. To the extent that statute obligates the trial court to set the matter for hearing, *see* TEX. CODE CRIM. PROC. ANN. art. 55.02 §2(c) (Vernon 2006) (stating that the trial court shall set the matter for hearing), this does not mean that an evidentiary hearing whereat all interested parties may personally appear is needed. *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.–Waco 1994, no writ). Indeed, the court may act without a hearing if the facts necessary to decide the issue are before it. *Ex parte Baldivia*, No. 07-05-0046-CV, 2007 Tex. App. LEXIS 142 at *4 (Tex. App.–Amarillo January 10, 2007, no pet.). Appearing of record here is the final judgment of conviction, the existence of which negated any entitlement Davis had to expunction. So, an evidentiary hearing whereat all were to personally appear was unnecessary.

Accordingly, the trial court did not abuse its discretion in denying expunction, and we overrule Davis' issues and affirm the trial court's order.


Brian Quinn
Chief Justice

3