**In the Matter of the Expunction of A.R.**

**No. 08–07–00123–CV.**

Court of Appeals of Texas, El Paso.

Aug. 28, 2008.

---

Dick DeGuerin, DeGuerin & Dickson, Houston, TX, for Appellant.

Frank D. Brown, District Attorney, Alpine, TX, for State.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

This is an appeal from an order denying Appellant's petition for expunction based on the doctrine of *res judicata.* We reverse and remand.

On February 17, 2005, A.R. was indicted for a misdemeanor violation of the Texas Open Meetings Act. *See* TEX.GOV'T CODE ANN. § 551.144 (Vernon 2004). The alleged offense occurred on October 22, 2004. On May 9, 2005, the charges were dismissed by motion of the State, and on May 19, 2005, A.R. filed his first petition for expunction. The trial court, on August 5, 2005, granted the petition. The State appealed, and this Court reversed and rendered judgment denying the expunction, finding there was no evidence that Appel-

lant had not been convicted of a felony in the five years' prior to the arrest. *See In re Expunction A.R.,* 225 S.W.3d 643, 647 (Tex.App.–El Paso 2006, orig. proceeding). We did not then address the State's additional contention that the limitations period had not expired before the date the expunction petition was filed. *In re Expunction A.R.,* 225 S.W.3d at 647. But, in a related case, we held that where the underlying offense was a misdemeanor, the limitations period under the Code of Criminal Procedure article 55.01(a)(2) did not have to expire before the petition for expunction was filed. *In re Expunction of K.E.L.,* 225 S.W.3d 637, 641 (Tex.App.–El Paso 2006, orig. proceeding). In 2007, the Supreme Court disapproved of our holding in *K.E.L.* and held that the limitations period did apply to misdemeanor offenses and stated that a petitioner for a misdemeanor expunction "must wait until the two-year limitations period expires before ... she may seek expunction...." *State v. Beam,* 226 S.W.3d 392, 395 (Tex.2007).

On November 15, 2006, A.R. filed a second petition for expunction which the State opposed on the basis of *res judicata.* The trial court agreed with the State and denied the petition.

We consider whether *res judicata* was properly applied *de novo. Velez v. Mitsak,* 89 S.W.3d 73, 79 (Tex.App.–El Paso 2002, no pet.). *Res judicata* is the generic term for a group of related concepts concerning the conclusive effects given final judgments. *Barr v. Resolution Trust Corp. ex. rel. Sunbelt Federal Savings,* 837 S.W.2d 627, 628 (Tex.1992).

It is clear from the record that the first petition for expunction was filed prematurely. *See Beam,* 226 S.W.3d at 395. The alleged offense occurred on October 22, 2004; A.R. was required to wait until the two-year statute of limitations expired.

That would have been on or about January 11, 2007 which takes into account the eighty-two day tolling period between indictment and dismissal. TEX.CODE CRIM. PROC.ANN. art. 12.05(b)(Vernon 2005). The limitation period for the underlying offense had not expired either at the time the petition was filed, May 19, 2005, nor had it expired at the time the trial court granted the first petition for expunction, August 5, 2005. Consequently, there was no justiciable controversy—the matter was not ripe—when the petition was granted. That is a component of subject matter jurisdiction. *See State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994). Because this was an incurable defect in jurisdiction, we find that the opportunity to seek expunction once the two-year limitations period expired is not barred by *res judicata*. We sustain the Appellant's issue.

Because it is also clear from the record and both sides have stipulated that A.R. now meets all of the requirements of Article 55.01(a)(2) of the Code of Criminal Procedure, we will reverse and remand to the trial court for the entry of an order granting the petition for expunction.