

**NUMBER 13-08-00521-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**                 **Appellant,**

**v.**

**ALFONSO MATA, III,**                                       **Appellee.**

---

**On appeal from the 197th District Court of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

By one issue, appellant, the Texas Department of Public Safety ("the Department"), appeals from the trial court's order granting a petition for expunction filed by appellee, Alfonso Mata, III. We reverse and render.

## I. BACKGROUND

According to appellee's petition for expunction, on November 10, 2007, he was

arrested for misdemeanor "Assault Causing Bodily Injuries [sic] Family Violence."[1] On November 28, 2007, the alleged victim recanted her allegations in an affidavit stating that she lied to police when she stated that appellee had caused her injuries.

On May 28, 2008, appellee filed a petition for expunction of all records and files relating to his arrest pursuant to article 55.01(a)(2) of the Texas Code of Criminal Procedure.[2] In his petition, appellee alleged that he was entitled to an expunction because "no indictment or information was presented against [him] for said offense arising out of the transaction for which [he] was arrested." The Department filed an answer arguing that appellee was not entitled to an expunction because the statute of limitations for the misdemeanor offense had not expired before the petition had been filed. After conducting a hearing, the trial court granted appellee's petition for expunction. This appeal ensued.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

To be entitled to an expunction, the petitioner has the burden of proving that all statutory requirements of article 55.01 of the code of criminal procedure have been satisfied.[3] Article 55.01, in pertinent part, requires that a person seeking expunction must show:

> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

---

[1] A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another; the offense is a Class A misdemeanor. TEX. PENAL CODE ANN. § 22.01 (a)(1), (b)(1) (Vernon Supp. 2008); TEX. FAM. CODE ANN. §§ 71.004 (3); 71.0021(b) (Vernon Supp. 2008).

[2] See TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (Vernon 2006).

[3] See id. art. 55.01.

2

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.[4]

In construing article 55.01, the supreme court concluded:

Paragraph (2)(A) first requires that an indictment or information charging the person with committing a felony must not have been presented, or if presented, it must have been dismissed or quashed. This condition will always be satisfied in a misdemeanor case. But (2)(A) contains an additional requirement: the limitations period must have expired before the petition was filed. The statute uses the word "and" to connect paragraph (2)(A) and (2)(A)(i), meaning that both requirements must be met before a party is entitled to expunction.[5]

Courts have no inherent or equitable power to expunge criminal records.[6] The trial court must strictly comply with the statutory requirements for expunction.[7] A trial court's ruling on an expunction is reviewed under an abuse of discretion standard.[8] A trial court abuses its discretion when it acts without reference to guiding rules and principles.[9]

### III. Discussion

At the expunction hearing, the Department argued that the statute of limitations had not expired, and appellee argued that he was entitled to expunction if "the case [had] been

---

[4] *Id.* art. 55.01(a)(2)(A).

[5] *State v. Beam*, 226 S.W.3d 392, 395 (Tex. 2007) (internal citations omitted).

[6] *Tex. Dep't of Pub. Safety v. Woods*, 68 S.W.3d 179, 182 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

[7] *State v. Echeverry*, 267 S.W.3d 423, 424 (Tex. App.–Corpus Christi 2008, pet. denied).

[8] *Id.*

[9] *Id.*

3

dismissed for lack of probable cause." Apparently, appellee was referring to subsection (ii) of 55.01.[10] After admitting the complainant's affidavit into evidence, the trial court granted appellee's expunction.

In order to grant an expunction under subsection (ii), the trial court is required to find that the indictment or information charging the person with commission of a felony was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating a lack of probable cause.[11] However, in this case, presentment of an information or indictment had not been made; therefore, expunction may not have been based on subsection (ii).[12]

Because appellee was not entitled to an expunction pursuant to subsection (ii), he was required under subsection (i) to show that the statute of limitations had expired before the date of the petition for expunction.[13] The statute of limitations for a misdemeanor is two years.[14] The date of appellee's arrest was November 10, 2007, and he filed his petition on May 28, 2008. The limitations period had not expired before the date on which appellee

---

[10] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii).

[11] *Id.*

[12] *See Collin County Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 627 (Tex. App.–Dallas 2005, no pet.); *Bhat v. State*, 127 S.W.3d 435, 436 (Tex. App.–Dallas 2004, no pet.) (concluding that because there had been no presentation of an indictment or information, subsection (ii) was inapplicable and that petitioner was required to prove that the statute of limitations for the offense for which he was arrested had expired before the date he filed his petition); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 643, 649 n.4 (Tex. App.–Austin 2002, pet. denied) ("In cases where an information or indictment has been presented, the petitioner must prove that the indictment/information was dismissed or quashed because the presentment was made due to mistake, false information, or other similar reason indicating absence of probable cause.").

[13] *See Beam*, 226 S.W.3d at 395; *Heine*, 92 S.W.3d at 649 n.4 ("[I]n cases where an information or indictment was not presented, the petitioner must now prove that the limitations period for the offense expired before the filing of the petition for expunction.").

[14] EX. CODE CRIM. PROC. ANN. art. 12.04 (Vernon 2005).

4

filed his petition. Therefore, because appellee has not proven that all the statutory requirements have been satisfied, he is not entitled to expunction of records related to his arrest.[15] We conclude that the trial court abused its discretion by granting appellee's expunction, and sustain the Department's sole issue.

## IV. CONCLUSION

Accordingly, we reverse the judgment of the trial court and render judgment denying the expunction. Pursuant to the Department's prayer for relief, we order all documents that were turned over to the trial court or to appellee to be returned to the submitting agencies.[16]

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

---

[15] *See id.* art. 55.01.

[16] *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of the expunction applies to all respondents, even if they did not participate in the appeal).

5