Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00772-CV

## EX PARTE J.F.G.

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-09-339
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

REVERSED AND RENDERED

J.F.G. filed a petition to expunge records of his 2001 driving while intoxicated (DWI) arrest and conviction.  The trial court granted his petition, and the Department of Public Safety (DPS) appealed, arguing that J.F.G. was ineligible for the expunction because he was convicted of the offense.  We reverse the trial court's order and render judgment denying the expunction.

## BACKGROUND

In 2001, J.F.G. was arrested in Starr County for driving while intoxicated.  According to J.F.G.'s petition, he was convicted and completed twelve months of probation.  In 2009, J.FG. filed a petition for an expunction of his record, and a hearing was held on the matter.  Though

DPS was properly notified of the hearing, only J.F.G. appeared. The trial court granted J.F.G.'s petition.

**EXPUNCTION**

## A. Standard of Review

An appellate court reviews a trial court's grant of an expunction for an abuse of discretion. *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Accordingly, an appellate court must reverse an order granting an expunction if the applicant fails to meet the statutory requirements. *See State v. Beam*, 226 S.W.3d 392, 393–95 (Tex. 2007).

## B. J.F.G. Failed to Meet the Statutory Requirements for an Expunction

Expunction is a statutory privilege governed by article 55.01 of the Texas Code of Criminal Procedure, which provides that an arrested person is entitled to have the records of an arrest expunged if (1) he was acquitted or pardoned; or (2) there was no indictment or the indictment was dismissed, and several other requirements are met, including that the applicant was not convicted. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2006 & Supp. 2010). These requirements apply to both felonies and misdemeanors. *Id.* The purpose of the expunction statute is to allow the record of a wrongful arrest to be expunged, not to allow a person who was convicted to expunge the record of a righteous arrest. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Thus, the statute does not permit an expunction of records relating to a conviction unless the conviction was pardoned. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1) & 55.01(2)(B).

J.F.G. stated in his petition that his arrest resulted in a conviction. During the hearing, J.F.G. asserted under oath that the contents of the petition were true and correct. J.F.G.'s petition also stated that he was entitled to an expunction of his DWI arrest and conviction because the conviction "was not [for] a felony . . . ." Though the expunction statute historically treated felonies and misdemeanors differently, the new statutory requirements now apply to both. *See Beam*, 226 S.W.3d at 393–95; *accord* TEX. CODE CRIM. PROC. ANN. art. 55.01(a).

Because J.F.G. was convicted of a DWI, he does not meet the expunction statute's requirements. Accordingly, we reverse the order of the trial court and render judgment denying expunction.[1]

Rebecca Simmons, Justice

---

[1] Although only DPS appealed the expunction, this holding applies to all agencies addressed in the expunction order because they are interwoven and have identical interests for the purposes of maintaining criminal records. *See Ex parte Elliot*, 815 S.W.2d 251, 251–52 (Tex. 1991).